[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ONDEFENDANT'S MOTION FOR SUMMARY JUDGMENT]
The complaint in this case alleges that on June 25, 1990, Joseph Nericcio was a passenger in a 1977 Oldsmobile Cutlass CT Page 4435 operated by Adam Dolan in Manchester, that Dolan lost control of the vehicle, and that the car went off the road into a tree, resulting in serious injury to Nericcio.
Adam Dolan's mother, Barbara, had an insurance policy with the defendant, Phoenix Insurance Company. Adam Dolan requested Phoenix to provide coverage for the accident. Defendant refused to defend or indemnify Adam Dolan on the basis that the 1977 Cutlass was not a "covered auto" under Barbara Dolan's policy.
On December 18, 1992, following a hearing, a judgment of $120,000.00 was entered against Adam Dolan.
Joseph Nericcio then made a claim under an uninsured motorist policy his father maintained with Citizens Insurance Company of America, the plaintiff in this case. Citizens paid Joseph Nericcio to the amount of the judgment and subrogated to the rights of Adam Dolan.
As a consequence, Citizens brought this action against Phoenix, alleging that Phoenix had wrongfully denied coverage to Adam Dolan, and seeking a judgment of $120,000.00.
By a November 3, 1993 Motion for Summary Judgment, Phoenix moved the court to grant summary judgment, alleging there are no material issues in controversy. Phoenix alleges that it owed no coverage to Adam Dolan under an exclusion in the policy. Specifically, Phoenix claims no coverage was owed because Adam Dolan's vehicle was either owned by a family member or available for his regular use. Phoenix relies principally on October 29, 1993 affidavits of Adam Dolan and Barbara Dolan, as well as the language of the pertinent policy, in making its argument.
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the party opposing the motion. [Scrapchansky v. Town of Plainfield],226 Conn. 446 (1993). The movant has the burden of showing the nonexistence of any material fact. [Connell v. Colwell],214 Conn. 242 (1990).
In this case, material facts exist as to the issue of whether Adam Dolan owned the car and whether it was available for his regular use. While the affidavits of Adam Dolan and CT Page 4436 Barbara Dolan speak to these issues, they are not unarguably dispositive. See excerpt of deposition testimony of Adam Dolan dated November 2, 1992, at pages 10-12.
Because genuine issues of material fact exist which must be resolved at trial, defendant's motion for summary judgment is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT